IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**WILLIS SHANE GORDON,**

                      **Plaintiff,**

        v.                                CASE NO. 07-3166-SAC

**STATE OF KANSAS,**

                      **Defendant.**


**O R D E R**

This matter is before the court on a notice of removal filed by plaintiff, a prisoner incarcerated in a Kansas correctional facility. Plaintiff proceeds pro se and without prepayment of the $350.00 district court filing fee in this civil action.

Having reviewed plaintiff's sworn statement that he has no funds to pay for an attorney, and noting plaintiff's prior filing fee obligations in this court,[1] the court grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated, however, to pay the full district court filing fee in this action. *See* 28 U.S.C. 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full

---

[1]*See* Gordon v. Causey, Case No. 06-3358-SAC ($350.00 district court filing fee); Gordon v. Werholtz, Case No. 07-3159-SAC ($350.00 district court filing fee).

filing fee). Once plaintiff's prior fee obligations have been satisfied, payment of the full $350.00 district court filing fee in this action is to be collected through automatic payments from plaintiff's inmate account, as authorized by 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove that action to federal court. Here, plaintiff seeks to remove two child in need of care actions pending in the Barton County Juvenile Court concerning of plaintiff's two children, and names the two children as parties in his federal pleading. *See* In the Matter/Interest of Gordon, Kyra, Barton County Case 06-JC-27; In the Matter/Interest of Gordon, Christopher, Barton County Case 06-JC-28.

However, "an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." Jefferson County, Ala. v. Acker, 527 U.S. 423, 430 (1999). "This jurisdictional prerequisite to removal is an absolute, non-writable requirement." Hunt v. Lamb, 427 F.3d 725, 726 (10th Cir. 2005)(*quoting* Brown v. Francis, 75 F.3d 860, 864 (3d Cir. 1996)). A party seeking removal bears the burden of satisfying the federal court's subject matter jurisdiction, and 28 U.S.C. § 1441 is to be strictly construed against removal. Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3rd Cir. 2005); Oltremari by McDaniel v. Kansas Social & Rehabilitative Service, 871 F.Supp. 1331, 1342 (D.Kan. 1994). Notwithstanding plaintiff's claims of error by the state court judge, and his desire to seek federal court protection for his family and the federal court's

resolution of the child in need of care proceedings, no basis for federal subject matter jurisdiction is established.

It is well established that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890). Additionally, to the extent plaintiff seeks removal to vindicate his civil and constitutional rights in the two state court actions, remand is still required because "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005). *See also* Oltremari, 871 F.Supp. at 1342 (state case may not be properly removed on the basis of federal defenses).

Finding plaintiff's removal of the two state juvenile cases was improper, the court remands this matter to the state court. *See* 28 U.S.C. § 1447(c)(4)(summary remand is to be ordered if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted").

Plaintiff's motions for appointment of counsel (Docs. 3 and 11) and emergency motions for court orders (Docs. 9 and 10) are rendered moot by the court's remand.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed without prepayment of the $350.00 district court filing fee in this civil action, with payment of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that this action is remanded to the state court.

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docs. 3 and 11) and plaintiff's emergency motions for court orders (Docs. 9 and 10) are thereby moot.

**IT IS SO ORDERED.**

DATED:  This 2nd day of November 2007 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge